Parker, C. J.
The claim for a recovery upon a total loss is made by the plaintiff upon the ground, that the loss was occasioned by capture, against which the defendant insured ; or, at least, that it was not from the perils of the seas, within the meaning of the first memorandum in the policy.
It is impossible to consider this a loss by capture, within the meaning of the parties to the contract of assurance : for although, without the second memorandum, an abandonment upon such a capture would have entitled the plaintiff to recover as upon a total loss, according to the case of Lee vs. Boardman(1), †, notwithstanding there was no war between the sovereign of the captors and the United States ; yet we think that the memorandum qualifies and restrains the capture, so that it cannot, according to the agreement óf the parties, be considered a total loss, until the events stipulated shall have happened, namely, the condemnation of the.vessel, or a detention by the cap tors ninety days.
The only abandonment stated to have been made was far within the time stipulated in the memorandum ; so that, within the strict letter of the contract, there having been no condemnation, that aban donment must be considered wholly ineffectual. Nor would an aban donment, after the ninety days, have availed the plaintiff; for the supposition of the parties is, that, at the time to which the abandonment relates, the vessel was in the power and possession of the captors ; the object of the memorandum being, that the assured shall not have it in his power, upon capture merely, to throw the property insured upon the underwriters, which he might do lawfully without some agreement to the contrary. This was determined in the case of Dorr vs. New England Insurance Company(2), which was upon a similar * memorandum. The vessel was cap- [*114 tured, and, ninety days after capture, the assured abandoned, according to the words of the memorandum. But, at the time of the abandonment, the vessel had been restored, and was in possession of the assured or his agents. The Court determined, that such an *104 abandonment could not make the original capture a total loss. For the object of the restriction upon the right of abandoning was, to give the underwriter the chance of a favorable issue to the capture, which having happened, a total loss could not be bottomed upon it.
Now, in the case at bar, the ship was captured and sent to Halifax for adjudication. If she had arrived there, she might have been acquitted and restored. The plaintiff had stipulated not to consider the capture alone as a loss ; but to wait ninety days for the event, unless a condemnation should sooner take place. In twelve days she is lost by the perils of the seas. She was then at the risk of the assured, because the loss happened within a time, in which he had stipulated not to throw the loss by capture on the underwriters ; and because the loss was not the immediate and necessary effect of the capture, according to the case of Green vs. Elmslie,(3) which, although a nisi prius case, has been since considered as law by the Court of King’s Bench, and by Marshall in his treatise. Nor is it certain that it may be attributed to that at all.
The plaintiff, however, considers this loss, although arising from the perils of the seas, as not happening by the ordinary perils; which are those from which the defendant is exempted by the first memorandum.
But, we think, this suggestion, although ingenious, cannot be supported. By the exemption the risks in the policy were undoubtedly intended to be confined to captures, arrests, detentions, &e., which, though perils, are not ordinary perils of .the seas in time of peace. The only thing which can be considered as making the peril, by which the vessel was lost, extraordinary, was, the capture and taking her out of her course. But, as has been before observed, [* 115 ] this was * at the risk of the assured for ninety days ; and, the shipwreck having happened within that time, from thick Weather and stranding, the loss must be taken to have happened from ordinary perils, from which the defendant is by the policy exempted.
That this is the true construction of the memorandum, and according to the intent of the parties, may be inferred from the custom of providing, in such memoranda, when the underwriter means to takn the sea-risk, that he shall be answerable for the perils of the sea-while the vessel is under restraint; although the restraint itself cannot be the cause of abandonment according to the memorandum.†

Plaintiff nonsuit

 3 Mass Rep. 238.

 8 Mass. Rep. 502.

 Rice & al., vs. Homer, post, 230

 Peake, 212. — Marsh. 418, 619.

 Dorr vs. Union Ins. Co., 8 Mass. Rep. 502. — Delano vs. Bedford Ins. Co. 10 Mass. Rep. 347.